
Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3256 | **DATE** | 5/18/2011 |
| **CASE TITLE** | TERESA IVY v. SECRETARY OF STATE, et al. | | |

**DOCKET ENTRY TEXT:**

The Court DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction. The Court therefore DENIES Plaintiff's application to proceed in forma pauperis [3] and her motion for appointment of counsel [4] as moot. The case is closed and all pending dates and motions are terminated as moot.

■[For further details see text below.]   Docketing to mail notice

## STATEMENT

Plaintiff Teresa Ivy applies to pursue her suit without prepaying the customary $350 filing fee. Federal courts may permit indigent plaintiffs to pursue claims without prepayment of fees. 28 U.S.C. § 1915(a)(1). However, "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). Here, Ms. Ivy has not properly alleged federal jurisdiction, and the Court therefore dismisses her case.

In her lengthy complaint, Ms. Ivy details a variety of employment practices that she believes to be harassing, disrespectful, and unfair. However, in her own words, she only seeks relief for "harassment, intentional infliction [of] emotional distress, defamation of character and wrongful termination." While she does claim that her suit arises under 42 U.S.C. §§ 1983, 1985, & 1986, she fails to allege a single civil rights violation in her complaint. She does not claim that her former employer discriminated against her on the basis of race, nationality, sex, or any other basis prohibited by federal law. Thus, her complaint is based only on state law. Ms. Ivy also does not and cannot claim diversity of citizenship among the parties as she has expressly alleged that she shares citizenship with each and every defendant. Thus, she is unable to avail herself of this court's diversity jurisdiction, either. For these reasons, this court lacks jurisdiction over Ms. Ivy's claim and must dismiss her case.

Moreover, even if the notice from the Equal Employment Opportunity Commission (EEOC) that Ms. Ivy attaches to her complaint were to give rise to some reasonable inference that she is complaining of unlawful discrimination (which it does not), that notice provides an alternative ground for dismissing this action. The notice informs Ms. Ivy of her right to sue on the basis of her charge within 90 days of her receipt

of the notice. However, the notice was issued on January 25, 2011, and Ms. Ivy did not file her complaint until May 16, 2011. Thus, her suit is untimely and fails to state a claim upon which relief can be granted. *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001); 42 U.S.C. § 2000e-5(f)(1). The Court shall dismiss any action filed pursuant to the statute allowing indigent plaintiffs to pursue claims without prepayment of fees if the Court determines that the action fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(a) & 1915(e)(2)(B)(ii).

*Wm. J. Hibbler*